LUCIEN B. PADAWER *v.* RONEN YUR ET AL.
(AC 34498)

Gruendel, Lavine and Alvord, Js.

Argued March 19—officially released May 21, 2013

*Kent M. Miller*, for the appellants-cross appellees (defendants).

*Lucien B. Padawer*, pro se, the appellee-cross appellant (plaintiff).

*Opinion*

GRUENDEL, J. This case arises from a dispute involving the sale of a retail store. Following a bench trial, the trial court rendered judgment in favor of the self-represented plaintiff, Lucien B. Padawer. Although the plaintiff and the defendants advance a panoply of claims on appeal, one is dispositive, and thus, is the only one we will discuss. The defendants, Ronen Yur and Yurway Design, LLC (Yurway), claim that the court erred in denying their motion to dismiss for failure to make out a prima facie case. Specifically, the defendants argue that the court improperly found that the plaintiff had standing, in his individual capacity, to pursue an action seeking redress for alleged harm to his limited liability company. We reverse the judgment of the trial court and remand the case to the trial court with direction to dismiss the action.

The following facts are relevant to the resolution of the defendants' claim. In 2007, the plaintiff acquired sole membership of Clare Jones, LLC, a retail business selling women's clothing and accessories. In late 2008, the plaintiff, hoping to sell the store so that he would no longer be apart from his family in Colorado, began negotiations with Yur regarding a potential sale. Over several months, the plaintiff and Yur exchanged multiple proposals of the terms of such a sale, but never signed a contract of sale. Nonetheless, on March 1, 2009, Yurway, with Yur serving as a guarantor, assumed the store's lease. Since assuming the lease, Yur has run the store, despite the parties' never having executed a contract of sale.

On March 18, 2011, the plaintiff filed his second revised complaint, alleging that the defendants had breached an oral agreement to purchase the store for a 50 percent share of the store's monthly profits, up to the amount of $50,000, and that the defendants had been unjustly enriched to his detriment. The defendants, in their answer, denied these allegations.[1] The matter proceeded to a bench trial beginning on February 17, 2012.

Over the course of the four day trial, the plaintiff introduced as exhibits various documents and proposed drafts of sales contracts, all of which indicated that he was acting as an agent of Clare Jones, LLC, not as an individual. The first paragraph of the draft "business and asset purchase agreement" states that the agreement "is entered into . . . by and between acting herein by Clare Jones, LLC acting herein by Lucien B. Padawer, its member . . . ." The signature page of this draft also names "Clare Jones, LLC" as the "seller" and "Lucien B. Padawer" as "its [m]ember." Furthermore, the agreement assigning the store's lease to Yurway similarly indicates that Clare Jones, LLC, was the leaseholder and the entity assigning the lease to the defendants, not the plaintiff individually. Also accepted into evidence was an "annual trial balance" sheet for "Clare Jones LLC," which lists the value of the business' assets, including "[g]oodwill," "[f]urniture & [f]ixtures" and "[i]nventory." Consistent with these documents, the plaintiff testified at trial that he purchased the limited liability company, Clare Jones, LLC, in two parts over the course of 2007, and that prior to that time, he had no involvement in the business whatsoever. There was no evidence or testimony at trial that the plaintiff individually owned the store or that any of the assets located in the boutique belonged to the plaintiff individually.

---

[1] The defendants filed several special defenses and a counterclaim, none of which are relevant to the claim we address in this opinion.

After the plaintiff rested his case, the defendants moved to dismiss for failure to make a prima facie case because they argued that the plaintiff had not offered any evidence that he was the proper party to bring the action, as it was his limited liability company that had suffered the alleged harm rather than the plaintiff individually.[2] The court summarily denied the motion in an oral decision from the bench.

Ultimately, the court found "the issues for the plaintiff" and rendered judgment in his favor in the amount of $44,000, which appeared to represent the $50,000 value of the business assets minus a $6000 credit for "partial payment of inventory sold" while the store was under Yur's control. The court, in its memorandum of decision, explained that it credited a draft purchase agreement dated February 6, 2009, as evidence that the parties had reached an agreement on a sale price for the store of $50,000. As explained by the court, the $50,000 represented the value of the "business assets," but did not include any rights to the limited liability company itself. The defendants now appeal from this judgment of the court.

On appeal, the defendants claim that the court erred in denying their motion to dismiss for failure to make out a prima facie case because the plaintiff was not the party allegedly aggrieved by the defendants' actions, but rather it was the limited liability company owned by the plaintiff that suffered the harm of which the plaintiff complained. Accordingly, the defendants

[2] The plaintiff, in his complaint, alleged that the defendants had breached a consulting contract, but the evidence adduced at trial indicated that the contemplated agreement was more accurately denominated as a contract of sale. As stated by the court: "Both parties understood it was the sale of the store." Accordingly, as counsel for the defendants explained during oral argument before this court, the issue of whether the plaintiff lacked standing to pursue this action did not become apparent until he rested his case-in-chief.

argue, the plaintiff lacked standing sufficient to invoke the subject matter jurisdiction of the court. The plaintiff argues that he, not the limited liability company, owned the store, and that, regardless, "there [is] no material distinction whatsoever between [his] owning the store [and his limited liability company] owning the store." We agree with the defendants.

"If, on the trial of any issue of fact in a civil action tried to the court, the plaintiff has produced evidence and rested his or her cause, the defendant may move for judgment of dismissal, and the judicial authority may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case. . . . A prima facie case . . . is one sufficient to raise an issue to go to the trier of fact. . . . In order to establish a prima facie case, the proponent must submit evidence which, if credited, is sufficient to establish the fact or facts which it is adduced to prove. . . . In evaluating [the trial court's decision on] a motion to dismiss, [t]he evidence offered by the plaintiff is to be taken as true and interpreted in the light most favorable to [the plaintiff], and every reasonable inference is to be drawn in [the plaintiff's] favor. . . . Whether the plaintiff has established a prima facie case entitling the plaintiff to submit a claim to a trier of fact is a question of law over which our review is plenary." (Citations omitted; internal quotation marks omitted.) *Sullivan* v. *Thorndike*, 104 Conn. App. 297, 302, 934 A.2d 827 (2007), cert. denied, 285 Conn. 907, 908, 942 A.2d 415, 416 (2008).

"[I]t is the burden of the party who seeks the exercise of jurisdiction in his favor . . . clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute. . . . One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of

the controversy. . . . [A]s a general rule, a plaintiff lacks standing unless the harm alleged is direct rather than derivative or indirect. . . .

"It is axiomatic that a party must have standing to assert a claim in order for the court to have subject matter jurisdiction over the claim. . . . Standing is the legal right to set judicial machinery in motion. . . . Standing requires no more than a colorable claim of injury; a [party] ordinarily establishes . . . standing by allegations of injury. . . .

"The requirement of directness between the injuries claimed by the plaintiff and the conduct of the defendant also is expressed, in our standing jurisprudence, by the focus on whether the plaintiff is the proper party to assert the claim at issue. . . . Thus, to state these basic propositions another way, if the injuries claimed by the plaintiff are remote, indirect or derivative with respect to the defendant's conduct, the plaintiff is not the proper party to assert them and lacks standing to do so. [When], for example, the harms asserted to have been suffered directly by a plaintiff are in reality derivative of injuries to a third party, the injuries are not direct but are indirect, and the plaintiff has no standing to assert them. . . .

"A limited liability company is a distinct legal entity whose existence is separate from its members. . . . [It] has the power to sue or to be sued in its own name; see General Statutes §§ 34-124 (b) and 34-186; or may be a party to an action brought in its name by a member or manager. . . . A member or manager, however, may not sue in an individual capacity to recover for an injury based on a wrong to the limited liability company. . . . [A] member or manager of a limited liability company is not a proper party to a proceeding by or against a limited liability company solely by reason of being a member or manager of the limited liability company, except where the object of the proceeding is to enforce

a member's or manager's right against or liability to the limited liability company or as otherwise provided in an operating agreement . . . ." (Citations omitted; internal quotation marks omitted.) *O'Reilly* v. *Valletta*, 139 Conn. App. 208, 213–15, 55 A.3d 583 (2012), cert. denied, 308 Conn. 914, 61 A.3d 1101 (2013).

Taking the evidence offered during the plaintiff's case-in-chief in the light most favorable to him and drawing every reasonable inference in his favor, we cannot conclude that the plaintiff had standing to bring this action. The documents admitted into evidence at trial, and even the plaintiff's own testimony, indicate that Clare Jones, LLC, was the contemplated party to the contract with the defendants, and that the assets intended to be transferred through the execution of that contract were assets belonging to the limited liability company, rather than the plaintiff individually. If the defendants' alleged breach caused any harm, therefore, it was to Clare Jones, LLC, not to the plaintiff in his individual capacity. Although the plaintiff is the sole member of Clare Jones, LLC, that does not impute ownership of the limited liability company's assets to the plaintiff. See General Statutes § 34-167 (a) ("Property . . . acquired by a limited liability company is property of the limited liability company and not of its members individually. A member has no interest in specific limited liability company property."). His position as sole member, also, does not provide him with standing to recover individually for harm to the limited liability company. We, accordingly, conclude that the plaintiff did not have standing to bring the action. The court, therefore, improperly denied the defendants' motion to dismiss for failure to make out a prima facie case.

The judgment is reversed and the case is remanded with direction to render judgment dismissing the action.

In this opinion the other judges concurred.