******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CONNIE CHEN ET AL. *v.* HOPKINS
SCHOOL, INC., ET AL.
(AC 35164)

Alvord, Bear and Schaller, Js.

*Argued December 5, 2013—officially released March 4, 2014*

(Appeal from Superior Court, judicial district of New
Haven, Young, J.)

*William F. Gallagher*, with whom, on the brief, was
*Hugh D. Hughes*, for the appellants (plaintiffs).

*John C. Pitblado*, with whom were *James M. Sconzo*
and, on the brief, *John W. Herrington*, for the appellee
(named defendant).

*Opinion*

PER CURIAM. The plaintiffs, Connie Chen and Ping Chen, appeal from the judgment of the trial court in favor of the defendant Hopkins School, Inc.[1] The plaintiffs claim that the court improperly dismissed their negligence action for failure to make out a prima facie case. They claim that the court used an incorrect standard to evaluate the testimony of the plaintiffs' expert, Harry Boardsen, which resulted in the court improperly concluding that Boardsen's testimony failed to present sufficient evidence of liability. We affirm the judgment of the trial court.

The record reveals the following relevant facts and procedural history. The plaintiffs brought a two count complaint on November 9, 2010, against the defendant for injuries alleged to have occurred due to a single car accident.[2] In the first count,[3] the plaintiffs allege that on or about November 6, 2008, while Connie Chen was a student at Hopkins School (school), the front right tire of her vehicle suffered a catastrophic failure as she was operating it less than one-half mile from the entrance to the school, resulting in an accident and injuries. The plaintiffs assert that the "failure of the tire was caused by a laceration in the tire's sidewall made by a knife or a similarly sharp and pointed object," and that the tire was lacerated while the vehicle was parked in Connie Chen's assigned school parking spot. The plaintiffs alleged five instances of negligence by the defendant, including the defendant's failure "to use surveillance technology as a disincentive to criminal activity and as an aid to apprehending offenders."[4] In its answer, the defendant denied the plaintiffs' substantive allegations and asserted multiple special defenses.

On July 17, 2012, the plaintiffs disclosed Boardsen as a security expert. The defendant deposed Boardsen on August 17, 2012. Thereafter, on October 10, 2012, the defendant filed a motion to preclude Boardsen from testifying as an expert. On October 17, 2012, the bench trial began, and the court preliminarily addressed the defendant's pending motion to preclude Boardsen's testimony. Boardsen was not present during the trial.[5] The court, after hearing argument from both parties on the motion to preclude, did not grant or deny the motion, but instead asked the parties to stipulate that the court could consider the deposition testimony of Boardsen as trial testimony. The parties agreed,[6] and the court stated that after "[h]aving reviewed [Boardsen's testimony] at length," it was "discounting his testimony [because] [i]t is not helpful to the court in making the determination on [the] issue [as to security]."[7] Shortly thereafter, the defendant's counsel orally moved to dismiss the case, arguing that without Boardsen's testimony "there is no basis for this case to proceed." The court invited the plaintiffs' counsel to put on any additional evidence, and asked him whether there was "any

other theory that's being offered to the court as to how [the defendant] would be held liable . . . ." The plaintiffs' counsel replied that "[t]he only evidence that [he] had was [Boardsen's testimony regarding] the [security] camera," and that he was resting as to the liability portion of the plaintiffs' claim.[8] The defendant's counsel again asked for judgment in the defendant's favor on the liability portion of the claim. The court noted the absence of any other evidence of proof of liability, and orally rendered judgment in favor of the defendant.[9] This appeal followed.

On appeal, the plaintiffs claim that the court improperly dismissed their action for failure to make out a prima facie case because the court used an incorrect standard to evaluate Boardsen's testimony, which resulted in the court improperly concluding that his testimony failed to present sufficient evidence of liability to establish a prima facie claim of negligence. The plaintiffs assert that the trial court impermissibly made findings as to disputed facts, weighed the credibility of Boardsen, and drew inferences against the plaintiffs when evaluating Boardsen's testimony for purposes of "what in effect was a motion for a judgment of dismissal for failure to make out a prima facie case." The plaintiffs argue that "a finder of fact [reasonably] could . . . have inferred liability" from Boardsen's testimony. We are not persuaded.

We begin with the law on judgments of dismissal and the standard of review. "If, on the trial of any issue of fact in a civil action tried to the court, the plaintiff has produced evidence and rested his or her cause, the defendant may move for judgment of dismissal, and the judicial authority may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case. . . . A prima facie case . . . is one sufficient to raise an issue to go to the trier of fact. . . . In order to establish a prima facie case, the proponent must submit evidence which, if credited, is sufficient to establish the fact or facts which it is adduced to prove. . . . In evaluating [the trial court's decision on] a motion to dismiss, [t]he evidence offered by the plaintiff is to be taken as true and interpreted in the light most favorable to [the plaintiff], and every reasonable inference is to be drawn in [the plaintiff's] favor. . . . Whether the plaintiff has established a prima facie case entitling the plaintiff to submit a claim to a trier of fact is a question of law over which our review is plenary." (Internal quotation marks omitted.) *Padawer* v. *Yur*, 142 Conn. App. 812, 816, 66 A.3d 931, cert. denied, 310 Conn. 927, 78 A.3d 145 (2013); see also Practice Book § 15-8.[10]

A careful review of the record reveals that the trial court did not impermissibly make findings as to disputed facts, weigh the credibility of Boardsen's testimony, or draw inferences against the plaintiffs. Instead, the court determined that even if Boardsen's testimony

was credited, it was insufficient to establish the facts which it was adduced to prove, namely, that the presence of security cameras would have prevented the incident alleged by the plaintiffs.[11] To make out a prima facie case of negligence, the plaintiffs were required to establish the essential elements of duty, breach of that duty, causation, and actual injury. See *Sweeney* v. *Friends of Hammonasset*, 140 Conn. App. 40, 46, 58 A.3d 293 (2013). The plaintiffs did not introduce any other evidence beyond Boardsen's testimony to support their allegations regarding the defendant's failure "to use surveillance technology" or any of the four other negligent acts alleged in the complaint; they called no additional witnesses, and introduced no exhibits.[12] We conclude that Boardsen's testimony, even if believed and given the benefit of all favorable inferences, fails to make out a prima facie case for the negligent acts alleged in the complaint. Accordingly, the trial court properly dismissed the plaintiffs' complaint.

The judgment is affirmed.

[1] The Hopkins Committee of Trustees, Inc. (Hopkins Trustees), was originally named as an additional defendant. The plaintiffs, however, withdrew their complaint as to the Hopkins Trustees on June 20, 2011. The Hopkins Trustees are not a party to this appeal. We therefore refer in this opinion to Hopkins School, Inc., as the defendant.

[2] Connie Chen's alleged injuries occurred when she was a minor child. She subsequently reached the age of majority and brought this action in her individual capacity, with her father, Ping Chen, as an additional plaintiff.

[3] The second count of the complaint was brought by Ping Chen for medical expenditures incurred for Connie Chen's medical care resulting from the defendant's alleged carelessness and negligence. Because recovery under this count is dependent on a finding of negligence in the first count, we need not address it independently in this opinion.

[4] The other four negligent acts alleged were that the defendant failed: (1) "to provide a policy(ies) or guideline[(s)] for the protection of students and their property"; (2) "to provide supervision and training to their agents, servants and/or employees to enable them to control, prevent and manage such situations"; (3) "to have adequate staffing to ensure the safety of the students on the premises"; and (4) "to provide adequate security or protective services to ensure the safety of students on such premises."

[5] On October 12, 2012, the plaintiffs filed a motion for continuance, asserting that Boardsen was not available for the scheduled trial dates of October 17 through 19, 2012, as he was out of the country. They requested a new trial date of "November 11, 12 and during the entire week of December 10, 2012." The court denied the motion on the same day it was filed, and provided the following rationale for its decision: "Counsel for the parties attended a scheduling conference with the court, selected and agreed to the dates of October 17 through 19, 2012, to conduct a *Porter* hearing and the liability portion of the trial. There was no indication of any problem with scheduling of witnesses. This matter has been scheduled five times for trial. . . . Further continuance interferes with the orderly administration of justice."

[6] "The Court: All right. So, the [plaintiffs' counsel] would be in agreement that the court could consider the transcript as being trial testimony.

"[The Plaintiffs' Counsel]: Yes.

"The Court: What is the defense's position?

"[The Defendant's Counsel]: We don't disagree with that, Your Honor."

[7] The court's resolution of the motion to preclude was entered in a written order on October 17, 2012, which stated in relevant part: "The parties have agreed that the deposition testimony of Mr. Boardsen is to be considered trial testimony. Whether it is admissible or not, the opinion testimony of Mr. Boardsen, which is not grounded upon any scientific, empirical or statistical basis, does not assist the court in determining the issues before it, and, therefore, the court assigns no weight to Mr. Boardsen's testimony."

[8] "The Court: All right. . . . I'll ask . . . whether you are resting as to

the liability portion of the trial?

"[The Plaintiffs' Counsel]: Well, yes. If we had put the evidence on, we would have rested based on the testimony and the theory that we had with respect to the cameras.

"The Court: Okay. But again—because we seem to be at an impasse here, you—you do not wish to present any further testimony or evidence as to liability?

"[The Plaintiffs' Counsel]: No, I don't see any point to it."

[9] The court subsequently rendered a written judgment of dismissal of the plaintiffs' action.

[10] Practice Book § 15-8 provides in relevant part: "If, on the trial of any issue of fact in a civil matter tried to the court, the plaintiff has produced evidence and rested, a defendant may move for judgment of dismissal, and the judicial authority may grant such motion if the plaintiff has failed to make out a prima facie case. . . ."

[11] The court stated: "[T]he opinion that [Boardsen is] rendering is specifically [that] security cameras are possibly a deterrence which I think we all know; and the second one, the most important one, is that this school should have had a security camera in the parking lot. Even if you are [to] credit his opinion, it doesn't help the court know whether this purported vandal or criminal who purportedly inserted some object into the tire would have known that there was a security camera there because there was nothing testified to about signage, whether a lack of knowledge would have deterred this activity from taking place, whether the camera would be monitored twenty-four hours a day, whether if someone saw this person doing what he or she did, it would have stopped what ultimately transpired. None of this is being offered by this expert, neither is there any statistical or empirical evidence presented by this gentleman to indicate that the ultimate incident would not have occurred because there were security cameras in the parking lot."

[12] "The Court: All right. Well, I'm trying to afford you an opportunity to—if—if you are able to proceed with the liability portion of this case and proceed with it understanding that I wouldn't allow any late disclosure of corroborative . . . information.

"[The Plaintiffs' Counsel]: Well, the problem [is] . . . . I have no tie-in on causation. . . . I understand . . . what the requirements are for proof here. And the only thing that I had of the five [alleged negligent acts] was the fifth one and—and that's now out of the case. And I don't see how I can tie [the defendant] to any of these other claims in the absence of some expert testimony and there isn't any.

"The Court: All right. If—if that's your position, then I'm not sure how we can go forward.

"[The Plaintiffs' Counsel]: Yeah, I—I understand that, and I agree."

———————————————————